UNITED STATES of America

v.

Robert CUNNINGHAM, a/k/a Robert Watkins, Appellant.

UNITED STATES of America

v.

Arthur L. THAXTON, Appellant.

Nos. 23073, 23074.

United States Court of Appeals, District of Columbia Circuit.

Argued March 9, 1970.

Decided April 1, 1970.
Certiorari Denied June 22, 1970.
See 90 S.Ct. 2218.

Mr. Ralph E. Becker, Washington, D. C. (appointed by this Court) and Mr. William W. Becker, Washington, D. C., for appellants.

Mr. James L. Lyons, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty., John A. Terry, and Nicholas S. Nunzio, Asst. U. S. Attys., were on the brief, for appellee.

Before BAZELON, Chief Judge, and WRIGHT and MacKINNON, Circuit Judges.

PER CURIAM:

Appellants raise a spate of objections to their convictions for second degree burglary, 22 D.C.Code § 1801(b) (Supp. II, 1969), grand larceny, 22 D.C.Code § 2201 (1967), and, in appellant Thaxton's case, carrying a dangerous weapon, 22 D.C.Code § 3204 (1967). We need discuss only their contention that the evidence obtained in a search incident to their arrest should have been suppressed for want of probable cause.

■ The Government's first response is that we need not reach the question of probable cause. It argues that, whether or not probable cause existed, appellant's conduct was suspicious enough to justify a "stop and frisk." Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed. 2d 889 (1968).[1] A frisk would have disclosed Thaxton's concealed pistol; the

officers would then have had probable cause to arrest and search both men and their automobile. Therefore, the argument goes, an arrest and incident search (which were *not* permissible in the known circumstances) should be held valid if a frisk (which *was* justified) would eventually have produced the same incriminating evidence. But this syllogism must be rejected for the same reason that "a search is not to be made legal by what it turns up." United States v. Di Re, 332 U.S. 581, 595, 68 S.Ct. 222, 229, 92 L.Ed. 210 (1948). A lack of probable cause cannot be made up in hindsight by a hypothetical variation in the basis on which a search was conducted.

■ We turn then to the question of probable cause, which is an extremely close one in this case. A careful review of the record has led us to conclude that, on balance, the decision to arrest appellants had adequate support. The specific facts articulated by the arresting officers, including Cunningham's furtive disposal of the instrumentalities of the burglary and Thaxton's attempt to get his gun out of his pocket as the officers approached, "warrant[ed] a prudent man in believing that the offense [had] been committed" by the appellants. Henry v. United States, 361 U.S. 98, 102, 80 S.Ct. 168, 171, 4 L.Ed.2d 134 (1959).[2] Accordingly, the judgment of the District Court must be

Affirmed.

---

1. The Government presents its *Terry* rationale only as a theoretical justification for the officers' conduct; it makes no attempt to fit the facts of the arrest into a "stop and frisk" mold. It would, indeed, be impossible for the Government to do so on the facts of this case. A police officer and a security officer for an apartment complex were investigating a reported burglary when they spotted appellants carrying a coffee table out of another building in the complex. Appellants' distinctive clothing matched the description of two men who had earlier been seen

"going in and out of the buildings." The officers got into the police car and raced over to the automobile into which the appellants were placing the table; with guns drawn, they immediately placed appellants under arrest and proceeded to search the automobile.

2. *Accord, e. g.*, Beck v. Ohio, 379 U.S. 89, 96–97, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); Ker v. California, 374 U.S. 23, 34–35, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963); Brinegar v. United States, 338 U.S. 160, 175–178, 69 S.Ct. 1302, 93 L. Ed. 1879 (1949).